UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRIAN K. GEORGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:17-cv-735-CDP |
| v. ) | |
| ) | |
| EASTERN RECEPTION, DIAGNOSTIC ) | |
| and CORRECTIONAL CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the civil complaint filed by *pro se* plaintiff Brian K. George, an inmate at the Dunklin County Jail. Plaintiff initially commenced this action in the United States District Court for the Western District of Missouri, which provisionally granted him leave to proceed *in forma pauperis* and then transferred the matter to this federal judicial district. Having reviewed the motion to proceed *in forma pauperis* that plaintiff submitted when he initiated this case, this Court determines that plaintiff lacks sufficient funds to pay the entire filing fee. The Court will therefore permit plaintiff to proceed herein *in forma pauperis*, and will assess an initial partial filing fee of $40.00, which is twenty percent of plaintiff's stated average monthly account balance. In addition, for the reasons discussed below, the Court will dismiss the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the

prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In the motion that plaintiff filed when he initiated this case, he stated that the average monthly balance of his prison account is $200.00. The Court will therefore assess an initial partial filing fee of $40.00, which is twenty percent of plaintiff's stated average monthly balance. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

## Legal Standard

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

*Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

**The Complaint**

In the complaint, plaintiff names the Eastern Reception, Diagnostic & Correctional Center ("ERDCC") as a defendant, and alleges that filing fees were not sent from his inmate account in June and July of 2016. He does not allege that he suffered an actual injury to pending or contemplated legal claims, or allege any other resulting harm.

Plaintiff also names as defendants the Clerks of Court for the "Farmington Missouri Federal Courthouse," the "St. Louis Federal Courthouse," and the "Dunklin County Circuit Court." He alleges that the Clerk of the Farmington Missouri Federal Courthouse refused to file a "motion of habeas corpus after postage of certified mail was paid through Bonne Terre's ERDCC property room which should have taken care of initial filing fee with notarization from caseworker." (Docket No. 1 at 5). Plaintiff alleges that the Clerk of the St. Louis Federal Courthouse "sent complaint to Southeast Division Cape Girardeau where known individual

3

possible defendants; federal agents, of allegations listed in Case # 1:17-CV-15-CAS." (*Id.*) Plaintiff alleges that the Clerk of the Dunklin County Circuit Court failed "to acknowledge motions filed with other 3 defendants failing to meet requests" in 2012 and 2016. (*Id.*) Finally, plaintiff alleges that "all have failed to meet requirements of job duties/discretion/ certification/license may be expired when asked by certified/notarized request for evidence to be entered under Supreme Court rule 25.05, disclosure of evidence in the [illegible] for initial motion of habeas corpus." (*Id.*) He does not allege that he suffered an actual injury to pending or contemplated legal claims, or allege any other resulting harm.

Plaintiff seeks monetary damages of "millions," and states that he wants "immunity declared," to be free from retaliation for using the court system, his motions acknowledged in Dunklin County Court, a fast and speedy trial, correction of his driving record, and his "cases faxed to the United States Department of Justice." (Docket No. 1 at 6).

**Discussion**

Plaintiff's claim against ERDCC will be dismissed as legally frivolous. A suit against ERDCC is, in effect, a suit against the State of Missouri, which is absolutely immune from liability under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989).

Even if plaintiff had named a proper party defendant, his claim would fail. His allegation that filing fees were not forwarded is essentially a claim of denial of access to the courts, which requires him to allege that he suffered an actual injury to pending or contemplated legal claims. *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). The complaint contains no such allegations, and in fact fails to allege any resulting harm at all. Finally, while plaintiff cites a federal case in which a warden was held in contempt for disobeying a court order directing him

4

to forward filing fees, plaintiff does not allege the existence of any judicial order directing the warden of ERDCC, or any other individual, to take any action.

Also legally frivolous are plaintiff's claims against the remaining three defendants, all Clerks of Court. Plaintiff alleges that each Clerk of Court defendant violated his rights when performing some task associated with the judicial process. The Eighth Circuit has recognized that clerks of court are absolutely immune from suit for damages for civil rights violations when performing tasks that are an "integral part of the judicial process," unless they acted in the "clear absence of all jurisdiction." *Boyer v. County of Washington,* 971 F.2d 100, 101 (8th Cir. 1992); *see also Maness v. District of Logan County–Northern Div.,* 495 F.3d 943 (8th Cir. 2007) (clerks absolutely immune for acts that may be seen as discretionary or for acts taken at the direction of a judge or according to court rule); *Smith v. Erickson,* 884 F.2d 1108, 1111 (8th Cir. 1989) (a federal court clerk, who allegedly impeded an inmate's access to the courts by intentionally delaying the filing of his complaint and lying to him about its whereabouts, was entitled to judicial immunity because "the filing of complaints and other documents is an integral part of the judicial process"). In addition, as above, even if plaintiff had named a proper party-defendant, he could not state a viable access-to-courts claim because he fails to allege he suffered an actual injury to pending or contemplated legal claims. *See Myers*, 101 F.3d at 544.

The complaint is also subject to dismissal because none of the allegations therein allow this Court to draw the reasonable inference that any defendant is liable for any misconduct. *See Iqbal*, 556 U.S. at 678. At best, the complaint contains only legal conclusions and generalized statements. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law, *Martin*, 623 F.2d at 1286, and this Court will not assume facts that were

not alleged. *Stone*, 364 F.3d at 914-15. The Court therefore concludes that plaintiff's claims for damages against all four defendants are subject to dismissal on the grounds that they are legally frivolous, they fail to state a claim upon which relief can be granted, or both. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The other forms of relief plaintiff seeks are either unavailable in this § 1983 action, or are incomprehensible.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff must pay an initial filing fee of $40.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice because the complaint is frivolous or fails to state a claim upon which relief can be granted or both. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 28th day of March, 2017.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE